IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARSHALL TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:05-cv-803-A |
| ) | |
| CHAROLETTE REED, ) | |
| PRATTVILLE POLICE DEPT. ) | |
| ) | |
| Defendant. ) | |

**ORDER SETTING HEARING FOR**
**PRE-SERVICE REVIEW OF COMPLAINT**

For good cause, it is

**ORDERED** that the *pro se* plaintiff, Marshall Taylor, appear **at 10:30 a.m. on September 29, 2005, in District Court 4A, for a hearing pursuant to 28 U.S.C. § 1915(e), made necessary because the Complaint is woefully deficient with respect to the person being sued and the basis for the lawsuit**. Plaintiff shall be prepared to discuss his claim and evidentiary support sufficiently for the court to decide if he should be given an opportunity to file an amended complaint. Plaintiff's attendance at this hearing is mandatory, and failure to attend shall result in a recommendation that this action be dismissed.

The Plaintiff is advised:

1. **The privilege of filing a federal court lawsuit without prepayment of filing fees properly acknowledges a "right of access to courts" which is constitutionally secured for all American citizens. The privilege is subject, however, to valid and reasonable limitations** designed not only to conserve limited judicial resources but also to prevent abuse by unlearned laymen who may be tempted to seize the privilege as a license for limitless or mis-guided forays into federal court with bootless claims and grievances unresolved in other forums or for which there simply is no remedy. Frivolous or malicious lawsuits duties against any defendants – corporate, public, institutional, or individual – automatically result in inconveniences, burdens, and costs,

associated with defense even to the extent of securing dismissal from the action.

2. **Rule 8(a), Federal Rules of Civil Procedure, requires a plaintiff to provide "a short and plain statement of the claim showing that he is entitled to relief."** Thus, the Complaint must include a concise statement of the acts, omissions, or facts which buttress any alleged violation by defendant of the plaintiff's federally secured rights.

3. ***Pro se* litigants permitted to file a federal court lawsuit without prepayment of filing fees are subject to 28 U.S.C.§ 1915**(e)(2), which authorizes dismissal of the case at any time if the court determines (A) that the allegation of poverty is untrue, or (B) that the action ( i ) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)seeks monetary relief against a defendant who is immune from such relief.

4. ***Pro se* litigants are also bound to honor Rule 11 of the Federal Rules of Civil Procedure**, which provides in pertinent part at Rule 11(b):

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
>   (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
>   (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
>   (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

*A plaintiff may incur a substantial penalty for non-compliance with this rule by filing a federal court lawsuit without first conducting* "an inquiry reasonable under the circumstances" in order to inform his "knowledge, information, and belief" about the merits of the lawsuit. Rule 11(c)(2) provides:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

**5. Pro se plaintiffs in civil actions are not entitled to appointment of counsel for legal representation, and this Court has no available funds or authorization to make any such appointments.** This Court cannot and will not act as counsel for the plaintiff. *Plaintiff is encouraged to seek consultations – which may be available without cost – with competent lawyers about the merits of this action*, and he is directed to the Alabama State Bar and to the Montgomery County Bar Association for any assistance needed in locating such lawyers.

It is further

**ORDERED that a court reporter be made available for this hearing.**

Done this 9th day of September, 2005.

                                                **/s/ Delores R. Boyd**
                                                DELORES R. BOYD
                                                UNITED STATES MAGISTRATE JUDGE