IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARSHALL TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:05-cv-803-A |
| | ) | |
| CHAROLETTE REED, | ) | |
| PRATTVILLE POLICE DEPT. | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

**For good cause, herein explained, the Magistrate Judge recommends that this action be dismissed with prejudice prior to the service of process, n accordance with the provisions of 28 U.S.C. § 1915(e)(2).**

## I.  BACKGROUND

### A.  Procedural Context

On August 22, 2005, Marshall Taylor ("Taylor")  filed *pro se* his Complaint and *Motion for Leave to Proceed in forma pauperis("IFP")*  Though docketed as a civil rights action under 42 U.S.C §1983, the complaint was so patently deficient in its allegations of jurisdiction and a justiciable cause that the court's ORDER granting the requested IFP status directed a delay in service pending further proceedings (Doc.4,  September 9, 2005), and the court directed that Taylor appear for an evidentiary hearing **at** 10:30 a.m. on September 29, 2005, in District Court 4A, "for a hearing pursuant to  28 U.S.C. §§ 1915(e) made necessary

because the Complaint is woefully deficient with respect to the person being sued and the basis for the lawsuit." This Order instructed the Plaintiff "to be prepared to discuss his claim and evidentiary support sufficiently for the court to decide if he should be given an opportunity to file an amended complaint." The court advised that non-attendance "shall result in a recommendation that this action be dismissed." (Doc 5)   Taylor filed on September 22, 2005, a pleading dated September 14, 2005; though it bore no caption, it was duly docketed as an Amendment to Complaint.  Taylor did not appear at the time scheduled for the September 29 evidentiary hearing and the court delayed approximately  twenty minutes before making a record with the court reporter summoned for his testimony.  Around 10:30 a.m. on September 30, the court received notice of the plaintiff's appearance for the hearing and his explanation that he "had his days mixed up."   After due consideration, this court concludes that Taylor should not be afforded another opportunity for an evidentiary hearing as the complaint as amended clearly establishes that this action is due to be dismissed without service and further establishes the plaintiff's inability to state a claim for which relief can be given in this court.

**B.    Allegations in Complaint**

The Complaint names a single defendant, Charolette or Charlotte Reed of the Prattville Police Department in Prattville, Alabama[1], although the amended complaint adds "Chief Alford Wadsworth."Neither pleading identifies Reed's position in the department.

---

[1]In the complaint and amended complaint, Taylor spells this defendant's name alternately "Charolette" and "Charlotte."

Nor are the culpable acts and omissions attributable to these defendants pinpointed by date, description, or other facts. Only the place of their alleged constitutional violation – Prattvile Police Department – is identified. As "facts on which [Taylor] base(s) [his] .allegation that [his] constitutional rights have been violated," the following constitutes the entirety:

> Charolette Reed has harrassed me by calling my house for payments before its time to pay my fines. She took some of my payments and never applied the money to my fines. She wants me to pay over and over on the same fines. She sends evil spirits to my house.

The relief requested mirrors the factual allegations: "I would like Ms. Reed to apply my payments to my fines and give me the right credit to my account. And also stop sending evil spirits to my home. Let me live peacefully."

The amended pleading sheds no more insight on Reed's constitutional wrongs but highlights Taylor's conviction that she is the source of evil spirits:

Also Charlotte Reed has sent evil spirits to me, and she has collected money from me for my fines but did not apply them to my fines. They (my fines) keeps getting higher and higher the more money I pay.

Though not identified properly as a defendant, Chief Alford Wadsworth is designated in the style of the amended pleading, which alleges concerning him:

> My constitutional rights was violated when Alford Wadsworth sent (2) police officers to my home They entered my home without my permission with drawn weapons while I was in the restroom. They did threaten me and accused me of things I knew nothing about. It was around 8:00 to 9:00 p.m. April 2005. He (Chief Alford Wadsworth) has also sent evil spirits to my home. Yes, this has upset me to the point that I can hardly sleep. I don't know when the Chief will send more evil spirits.

3

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous or malicious OR fails to state a claim on which relief may be granted. At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears that the plaintiff "has little or no chance of success."    *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  A district court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton*, 504 U.S. at 32-33.

The gist of Taylor's complaint against Defendant Reed and putative Defendant Wadsworth is the same: that each has sent and continues to send "evil spirits" to his house.[2] No facts alleged can be construed reasonably to implicate any right or privilege secured by federal law or the Constitution. The complaint clearly lacks any arguable basis in law and fact.  It is frivolous and due to be dismissed.

---

[2]Because supervisory officials are not liable under § 1983 on the basis of *respondeat superior* or vicarious liability, *Hardin v. Hayes,* 957 F.2d 845, 849 (11th Cir.1992), no substantive claim against the police chief arises from Taylor's allegation that he sent to his home two police officers who allegedly violated Taylor's constitutional rights. .

### III.  CONCLUSION

It is, therefore, the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED with prejudice, prior to service, pursuant to 28 U.S.C. §1915 (e)(2)(B)(i) and (ii).   It is further ORDERED that the Plaintiff  shall file any objections to this Recommendation not later than October 18.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th  day of October, 2005.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

5